IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RAYMOND EDWARD LUMSDEN, #2109472 § § § | |
| § | CIVIL ACTION NO. 4:20cv713 |
| VS. § § | |
| DIRECTOR, TDCJ-CID § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

*Pro Se* Petitioner Raymond Edward Lumsden filed a "Motion for Attorney to Surrender Complete File to Petitioner." (Dkt. # 22). He requests the Court to "instruct" his trial counsel "to surrender the entire and complete client file to him." (Dkt. # 22, p. 1).

Insofar as Petitioner seeks mandamus relief in the form of an order from this Court compelling the attorney who represented him in state criminal proceedings to turn over evidence and his client file, the federal mandamus statute provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. As this language makes clear, "the authority of district courts to issue a writ of mandamus pursuant to § 1361 only extends to federal officers, employees, or agencies. District courts do not have jurisdiction to grant mandamus relief against private actors." *Sturgeon v. Unell*, No. 3:20-CV-2099-X-BN, 2021 WL 6137184, at *2 (N.D. Tex. Sept. 9, 2021), *report and recommendation adopted*, No. 3:21-CV-2099-X, 2021 WL 6135478 (N.D. Tex. Dec. 28, 2021) (quoting *Cowell v. Shames & Bynum, P.C.*, No. 1:17cv1207 (CMH/TCB), 2017 WL 8786970, at *1 (E.D. Va. Dec. 5, 2017) (citations omitted)); *cf. Moye v. Clerk, Dekalb Cnty. Superior Ct.*, 474 F.2d 1275, 1275-

76 (5th Cir. 1973) (a federal district court is not authorized to direct state officials in the performance of their duties).

The Court therefore lacks jurisdiction over Petitioner's construed request for mandamus relief.

## RECOMMENDATION

Accordingly, it is recommended that Petitioner's "Motion for Attorney to Surrender Complete File to Petitioner" or petition for a writ of mandamus (Dkt. # 22) be denied.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 28th day of April, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE