IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RAYMOND EDWARD LUMSDEN, #2109472 | § § § | |
| | § | CIVIL ACTION NO. 4:20cv713 |
| VS. | § § | |
| DIRECTOR, TDCJ-CID | § § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION CONCERNING PETITIONER'S WRIT OF MANDAMUS

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly C. Priest Johnson. The Magistrate Judge issued a Report and Recommendation (Dkt. #23), which contains proposed findings of fact and recommendations for the disposition of Petitioner's "Motion for Attorney to Surrender Complete File to Petitioner" (Dkt. #22), which was construed as a writ of mandamus. Petitioner filed objections. (Dkt. #25).

In his writ of mandamus, Petitioner asks the Court to "instruct" his state habeas counsel[1] "to surrender the entire and complete client file to him." (Dkt. #22, p. 1). The Magistrate Judge was correct in her assessment that the relief Petitioner seeks would be considered mandamus relief. She was also correct in determining that the Court lacks jurisdiction to entertain Petitioner's request for relief. Under 28 U.S.C. § 1361, federal district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, district courts do not have jurisdiction to grant mandamus relief against private actors. *Sturgeon v. Unell*, No. 3:20-CV 2099-X-BN, 2021 WL 6137184, at *2 (N.D. Tex. Sept. 9, 2021) (concluding the court lacked jurisdiction

---

[1] In the Report and Recommendation, the Magistrate Judge identified trial counsel instead of state habeas counsel. This discrepancy is inconsequential as the analysis is the same for both trial counsel and state habeas counsel who are private attorneys and not officers or employees of the United States or any agency thereof.

1

over the petitioner's construed request for mandamus relief in the form of an order from the court compelling the attorney who represented him in state criminal proceedings to turn over evidence), *report and recommendation adopted*, No. 3:21-CV-2099-X, 2021 WL 6135478 (N.D. Tex. Dec. 28, 2021). Petitioner's state habeas counsel is an attorney in private practice. He is not an officer or employee of the United States or any agency thereof. Furthermore, contrary to Petitioner's contention, his state habeas counsel is not a party to this habeas proceeding. Petitioner's mandamus therefore must be dismissed.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** that Petitioner's "Motion for Attorney to Surrender Complete File to Petitioner" (Dkt. #22), construed as a writ of mandamus, is **DISMISSED** for lack of jurisdiction.

**So ORDERED and SIGNED this 20th day of May, 2022.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE